UNITED STATES DISTRICT
COURT NORTHERN DISTRICT
OF OHIO EASTERN DIVISION

| | | |
|---|---|---|
| Michael Robert Santy, | ) | CASE NO.: 5:16 CV 777 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

This matter appears before the Court on objections filed by Michael Robert Santy ("Santy") to the Report and Recommendation ("R&R") of the Magistrate Judge. On December 15, 2016, the Magistrate Judge issued his R&R recommending that the Commissioner's decision be affirmed. Doc. 20. Santy timely objected to the R&R, and the Commissioner has responded to Santy's objections. For the reasons stated below, the objections are overruled. The R&R is adopted and the decision of the Commissioner is hereby AFFIRMED.

    **I.    Standard of Review**

This Court conducts a *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). In social security cases, judicial

review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole.  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004).  If substantial evidence supports the Commissioner's decision, this Court will defer to that fact finding "even if there is  substantial evidence in the record that would have supported an opposite conclusion."  *Id.*  This Court is constrained to consider those issues addressed by the Secretary and the material in the record; the Court may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) citing *Myres v. Richardson,* 471 F.2d 1265 (6th Cir. 1972); *see also Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) ("we consider the ALJ's decision determinative if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion.'").

## II.    Law and Analysis

Santy objects to the Magistrate's conclusion that the Administrative Law Judge's failure to address listing 12.05C was harmless error.  Both the Magistrate and the Commissioner acknowledge that "because Plaintiff expressly asserted at the hearing that the evidence showed he met Listing 12.05, the ALJ should have discussed the issue."  Doc. 20, at 9.  After acknowledging that the ALJ did not conduct the relevant analysis, the Magistrate evaluated the material presented by Santy in support of his claim that he satisfied the listing criteria.  In so doing, the Magistrate concluded that Santy had not raised a substantial question regarding whether he met the criteria in Listing 12.05C

A claimant may demonstrate disability by proving that his impairment meets or equals one

of the Listing of Impairments. 20 C.F.R. §§ 404.1520(a)(4) (iii), 416.920(a)(4)(iii).  The Listing of Impairments describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a).  In other words, a claimant who meets the requirements of a Listed Impairment will be deemed conclusively disabled and entitled to benefits.

Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing."  20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3).  A claimant must satisfy all of the criteria to "meet" the listing.  *Id.*; *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir.2009).  However, a claimant is also disabled if her impairment is the medical equivalent of a listing, 20 C.F.R. §§ 404.1525(c)(5), 416.925(c)(5), which means the impairment is "at least equal in severity and duration to the criteria of any listed impairment."  20 C.F.R. §§ 404.1526(a), 416.926(a).  An ALJ must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment.  *See Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 415-416 (6th Cir. 2011); *Hunter v. Comm'r of Soc. Sec.*, No.1:09CV2790, 2011 WL 6440762 at *3–4 (N.D.Ohio Dec. 20, 2011).

Listing 12.05C describes the circumstances in which mental retardation (now called "intellectual disability") is severe enough to warrant a disability finding.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. This listing provides:

> 12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A,

> B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. The Sixth Circuit has held that a claimant will meet the above listing only if the claimant's impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). Herein, the parties agree that only subsection C is at issue.

The Sixth Circuit Court of Appeals has held that a failure by the Appeals Council to analyze a claimant's potential intellectual impairment under the terms of Listing 12.05C can provide grounds for remand. *See Abbott v. Sullivan*, 905 F.2d 918, 924–25 (6th Cir. 1990). District courts have construed *Abbott* to require the ALJ to expressly analyze a claimant's impairments under Listing 12.05C when the record contains IQ scores under 70 with or without a request by the claimant. *See Ware v. Colvin*, No. 5:13CV991, 2014 WL 584752 (N.D. Ohio Feb.12, 2014); *Fury v. Commissioner of Social Sec.*, No. 5:11CV1660, 2012 WL 4475661 (N.D. Ohio Sept. 26, 2012). In *Sheeks v. Comm'r of Soc. Sec.*, 544 Fed. Appx. 639, 641-642 (6th Cir. 2013), the Sixth Circuit expanded upon *Abbott* as follows:

> The relevant regulations require the ALJ to find a claimant disabled if he meets a listing. Yet they do not require the ALJ to address every listing-and with ample reason. There are a hundred or so listings. In the normal course, as a result, the ALJ need not discuss listings that the applicant clearly does not meet, especially when the claimant does not raise the listing before the ALJ. If, however, the record 'raises as substantial question as to whether the claimant could qualify as disabled' under a listing, the ALJ should discuss that listing. *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir.1990).
>
> . . .
>
> But [a claimant] must do more than show that the ALJ's decision leaves open the

>question whether he meets listing 12.05(C). He[or she] must show that the open
>question is a substantial one that justifies a remand. *Abbott*, 905 F.2d at 925.

*Id.* at 641-642.

Herein, Santy has not shown that there is a substantial question that justifies remand. While Santy contends that he has produced to IQ scores that satisfies subsection C, he has not demonstrated any error in the R&R's analysis of those scores. First, the R&R noted that the first IQ score relied upon by Santy was the result of testing when he was only age 13. The R&R then noted that the existing regulations limit the validity of such a score – noting that such a score is only valid for 2 years. Santy has not claimed any error in this analysis. As such, Santy is left to argue that the R&R improperly analyzed his 2012 IQ score. In that regard, in 2012, Santy received a full scale score of 71, a processing speed of 81, a verbal score of 74, and a working memory score of 66. Santy contends that this final "working memory" is sufficient to satisfy the listing criteria. In rejecting this argument, the R&R noted: "Santy provides no legal authority or medical evidence for his assertion that a "working memory" score is equivalent to a "performance" IQ score. However, there is some authority to the contrary. *See e.g., Isaac ex rel. JDM v. Astrue*, No. CA 1:12-00097-C, 2012 WL 5373435, at *3-4 (S.D. Ala. Oct. 30, 2012) (finding that a WAIS-IV working memory score was not equivalent to a performance IQ score)." Doc. 20 at 12. Once again, Santy does not claim any error in this analysis. Instead, Santy claims error in the fact the R&R also mentioned a provision in the Federal Register that was not in effect at the time of the ALJ's decision. While Santy is correct that the Administration's interpretive guidance cannot be relied upon, the R&R does not purport to rely upon such interpretation. Instead, the R&R simply notes that the Administration's more recent interpretation matches the approach taken in *Isaac*. Absent any reference to the Federal Register, the R&R's analysis would remain the same.

More importantly, this Court finds no error in the analysis. It is logical to conclude that

the "working memory" score is a part of the larger full scale score. As Santy's full scale score did not fall below 70, he failed to raise a substantial question over whether he satisfied Listing 12.05C. As such, he has not demonstrated that remand is warranted.

### III. Conclusion

Santy's objections are overruled. The Report and Recommendation is ADOPTED IN WHOLE. The judgment of the Commissioner is AFFIRMED.

IT IS SO ORDERED.


Dated: March 15, 2017  /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE